UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J & J SPORTS PRODUCTIONS, INC.
as Broadcast Licensee of the July 16, 2005
Hopkins/Taylor Program,

                  Plaintiff,

      -against-

SCHRADER RESTAURANT CORP. d/b/a
SCHRADER RESTAURANT also known as
SOCIAL ATHLETIC CLUB,

               Defendant.

06 Civ. 1701 (RJH)

**MEMORANDUM OPINION
AND ORDER**

---

       Plaintiff J & J Sports Productions, Inc. brought this action under 47 U.S.C. §§ 605 and

553, alleging that defendant Schrader Restaurant Corp. ("Schrader") and its unknown principal

"John Doe" illegally intercepted and exhibited plaintiff's closed-circuit exhibition of the

Hopkins/Taylor boxing match on July 16, 2005.  Specifically, plaintiff alleges that Schrader

exhibited plaintiff's program on one television set at a time when four patrons were in

defendants' establishment.  Plaintiff now moves for, and the Court grants, default judgment

against Schrader only.

       Upon the entry of default judgment, the Court accepts as true all of the facts alleged in

the complaint, except those relating to the amount of damages.  *See Au Bon Pain Corp. v. Artect*

*Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  Here, the Court adopts Judge Baer's formula for calculating

default judgment in cable piracy cases: $50 per patron, plus $1,000 for each willful violation,

plus attorney's fees and costs.  *See Kingvision Pay-Per-View Ltd. V. Pares*, No. 05 Civ. 827; *see*

*also Kingvision Pay-Per-View Ltd. v. Estevez*, No. 06 Civ. 3614 (KMW) (DFE) (recommending in a case involving the same plaintiff's counsel in this case that Chief Judge Wood adopt a similar formula).  Plaintiff has submitted no evidence to show that defendants in the instant case ever pirated any other closed-circuit events.  Accordingly, under 47 U.S.C. § 605(e)(C)(ii), the Court awards $1,000 for the defendants' willful violation of the law (for the use of one television set and one occurrence).  In addition, the Court awards $50 per patron: here, there were four patrons present, for a total of $200.  The Court finds that a total award of $1,200.00 is adequate and fair.

Pursuant to 47 U.S.C. § 605(e)(B)(iii), plaintiff is entitled to full costs, including reasonable attorney's fees.  The Court has reviewed the affidavit of April 16, 2007, submitted by plaintiff's attorney, Julie Cohen Lonstein, which details the number of hours spent by Ms. Lonstein and her paralegal on this case, her hourly rate of $200, and her paralegal's hourly rate of $75.  The total amount of attorney's fees requested is $908.00.  The Court notes, however, that plaintiff's first motion for default judgment, filed on May 31, 2006, was deficient, as it did not include a certificate of default signed by the Clerk of the Court and the affidavit did not conform with this Court's individual practices.  After discussing these problems with plaintiff's counsel, the Court held the motion in abeyance until plaintiff filed a new motion for default judgment on April 17, 2007.  The Court therefore excludes the following items:

| | | | | |
|---|---|---|---|---|
| 05/26/2006 | Filed/mailed proofs of service | 0.25 hours | $ | 18.75 |
| 05/30/2006 | Prepared defective request for default judgment | 0.50 | $ | 100.00 |
| 05/30/2006 | Filed and mailed defective request for default | 0.50 | $ | 37.50 |
| 06/02/2006 | Letter to Court regarding default | 0.25 | $ | 18.75 |
| 06/06/2006 | Communication with Court regarding default | 0.12 | $ | 9.37 |
| | | | TOTAL | $ 184.37 |

Accordingly, the Court awards plaintiff $724.00 for attorney's fees.

Plaintiff also seeks costs and disbursements consisting of a $250.00 filing fee, a $100.00 service of process fee, and a $450.00 investigation fee.[1]  The Court will award plaintiff the first two amounts but declines to award the investigation fee.  As other courts have noted, "There is no provision . . . for a prevailing party to be awarded the cost of its investigator."  *See Time Warner Cable of New York City v. Sanchez*, No. 02 Civ. 5855 (GBD) (FM), 2003 U.S. Dist. LEXIS 12954, 2003 WL 21744089, at *5 (S.D.N.Y. July 8, 2003) (citing *Crawford Fitting Company, et al., v. J.T. Gibbons, Inc. Champion Int'l Corp.*, 482 U.S. 437, 441–42 (1987), which held that "costs" include only the specific items enumerated in 28 U.S.C. § 1920); *Garden City Boxing Club, Inc. v. Bello*, No. 05 Civ. 1300 (ARR) (JMA), 2005 U.S. Dist. LEXIS 23115, 2005 WL 2496062, at *6 & n.2 (E.D.N.Y. Sept. 20, 2005).  Even courts that have awarded investigative costs have required the plaintiff to submit an affidavit detailing the total number of hours spent on the investigation and the hourly investigative rate, which plaintiff here has not done.  *See Bello*, 2005 WL 2496062, at *6 (awarding Ms. Lonstein a $100 investigative fee but declining to award the requested amount of $450).

## CONCLUSION

For the reasons set forth above, the Court grants plaintiff's request for a default judgment and awards plaintiff: (1) statutory damages in the amount of $1,200; (2) attorney's fees in the amount of $724.00; and (3) costs in the amount of $390—for a total of $2,314.00.  The Clerk of the Court is requested to close the case.

---

[1] Although plaintiff's representative requests reimbursement of the investigative fee, plaintiff's counsel did not include this request in her affidavit of costs and fees.  This discrepancy is immaterial, however, as the Court considers the request but declines it, as explained.

SO ORDERED.

Dated: New York, New York
      April 24, 2007

                                        Richard J. Holwell
                                 United States District Judge